WALLACE, Circuit Judge,
concurring in part and dissenting in part:
I - dissent from Part I of the majority opinion, which incorrectly holds that Senator Pearce “violated Reza’s clearly established First Amendment rights.” Opinion p. 505. The Supreme Court has repeatedly cautioned courts — and our circuit in particular — “not [to] define clearly established law at a high level of generality.” Ashcroft v. al-Kidd, 563 U.S. 731, 131 S.Ct. 2074, 2084, 179 L.Ed.2d 1149 (2011); see also City & Cnty. of San Francisco v. Sheehan, — U.S. -, 135 S.Ct. 1765, 1778, 191 L.Ed.2d 856 (2015) (reversing our circuit’s decision on the basis that the officers were entitled to qualified immunity); Lopez v. Smith, — U.S. -, 135 S.Ct. 1, 6, 190 L.Ed.2d 1 (2014) (per cu-riam) (reversing our circuit’s decision and cautioning us against “framing our precedents at such a high level of generality” (internal quotation marks omitted)). Rather than correct the course, as directed by the Supreme Court, in this case, the majority continues in the wrong direction and I therefore dissent.
To recover under 42 U.S.C. § 1983 Reza must show (1) that Senator Pearce violated one of Reza’s statutory or constitutional rights, and (2) that the right “was clearly established at the time of the challenged conduct.” Plumhoff v. Rickard, — U.S. -, 134 S.Ct. 2012, 2023, 188 L.Ed.2d 1056 (2014) (internal quotation marks omitted). As the Supreme Court recently explained, the “clearly established” standard is not easily overcome: “An officer ‘cannot be said to have violated a clearly established right unless the rights contours were sufficiently definite that any reasonable official in [his] shoes would have understood that he was violating it,’ meaning that ‘existing precedent ... placed the statutory or constitutional question beyond debate.’ ” Sheehan, 135 S.Ct. at 1774, quoting Ashcroft, 131 S.Ct. at 2083. Qualified immunity, “[w]hen properly applied, ... protects all but the plainly incompetent or those who knowingly violate the law.” Ashcroft, 131 S.Ct. at 2085 (internal quotation marks omitted).
As the majority recognizes, the Senate Building is a limited public forum. Opinion pp. 502-03. Therefore, the government could restrict speech in the building so long as any “regulation on speech [was] reasonable and not an effort to suppress expression merely because public officials oppose the speaker’s view.” Perry Educ. Ass’n v. Perry Local Educators’ Ass’n, 460 U.S. 37, 46, 103 S.Ct. 948, 74 L.Ed.2d 794 (1983). The majority correctly concludes that “Senator Pearce’s ban on Reza resulted from a neutral policy.” Opinion p. 504. But it fails to recognize the reasonableness of Senator Pearce’s actions' given the circumstances he faced. As the majority concedes, “Senator Pearce was entitled to rely on information provided to him by Senate officers that identified Reza as an individual who was disrupting debate.” Opinion p. 504. And although at least one officer told Senator Pearce that there was no reason to immediately remove anyone from the building (perhaps because doing so would have emboldened the disruptors and created an even greater disturbance), that does not change the fact that multiple other officers told the senator that Reza caused an actual disturbance. Moreover, Senator Pearce’s order was a response to *510 the tense atmosphere created by the recent shooting in Tucson in which a federal judge was murdered, and the fact that state senators expressed fear for their safety as a result of a disruption that morning at one senator’s press conference. The majority’s discussion of reasonableness makes no mention of any of these surrounding circumstances. This omission ignores our case law requiring that we judge reasonableness “in light of the purpose of the forum and all of the surrounding circumstances.” Preminger v. Peake, 552 F.3d 757, 765 (9th Cir.2008) (internal quotation marks omitted) (emphasis added). In my view, in light of the purpose of the forum, to conduct legislative business, the surrounding circumstances, and the information the senator received from his officers, the senator’s ban (subsequently limited to two weeks) on alleged disrupters was reasonable and therefore did not violate the First Amendment.
But we need not even reach the question of whether Senator Pearce actually violated First Amendment law in this case by relying, as he could, on reports given to him by officers assigned to keep order, because there is no doubt that the senator did not violate “clearly established” law at the time of the challenged conduct. At that time, not a single Supreme Court decision clearly established the right Reza now asserts. Implicitly acknowledging this fact, the majority focuses solely on Ninth Circuit law. Opinion p. 506. After reviewing our law at the time, the majority concludes that “[n]o cases, in the Ninth Circuit or otherwise, even remotely suggest that Norse’s principle can be inverted to indefinitely ban an individual from a government building based on a single disruption of a hearing.” Opinion p. 506. But this answers the wrong question and is ultimately a red herring. The fact that no cases affirmatively permitted an official to ban an individual from a government building based on a single disruption (the majority’s conclusion) is irrelevant for purposes of qualified immunity. Instead, the relevant question is whether any case expressly prohibited an official from banning an individual from a government building for a single disruption. None of our cases at the time of the hearing in question answered that question.
In White, we upheld a city ordinance that allowed removal of individuals from a city council hearing if they made “personal, impertinent, slanderous or profane remarks.” White v. City of Norwalk, 900 F.2d 1421, 1424 (9th Cir.1990). The case says nothing regarding whether a government official can bar a person from future hearings for causing an actual disruption. We reinforced this rule in Kindt. There we upheld a rent control board’s decision to remove an individual from a meeting because of an actual disruption. Kindt v. Santa Monica Rent Control Bd., 67 F.3d 266, 272-73 (9th Cir.1995). Again, the case says nothing about banning a person from future meetings where they caused an actual disruption. Last, in Norse, we held that rules of decorum are not facially overbroad if they limit the ability of government officers to eject individuals for actually disturbing a meeting. Norse v. City of Santa Cruz, 629 F.3d 966, 976 (9th Cir.2010). Here again, the case says nothing about whether an official can ban an individual from future meetings as a result of an actual disruption.
Maybe Senator Pearce made a mistake in banning Reza from the senate building. Perhaps the First Amendment should prohibit such a ban. But neither view should make any difference in this case because at the time of the challenged conduct Senator Pearce did not violate any “clearly established” right. On this basis, I would hold *511 that Senator Pearce is entitled to qualified immunity and would affirm the district court’s summary judgment in his favor. The majority’s holding to the contrary continues our unfortunate ignoring of the Supreme Court’s repeated caution to avoid defining “clearly established law at a high level of generality.” Ashcroft, 131 S.Ct. at 2084. I therefore dissent from the holding reversing the district court’s summary judgment' in favor of Senator Pearce but concur in the remainder of the majority opinion.